## A. J. LOWRY *v.* THE STATE.

CRIMINAL LAW. *Evidence. Dying declarations.* Dying declarations are admissible when made under a sense of impending dissolution, although death may not supervene immediately, or for seventeen days

### FROM M'MINN.

Appeal from the Circuit Court of McMinn county. D. W. TREWHITT, J.

GILLENWATERS and ——— for Lowry.

J. B. COOKE for the State.

DEADERICK, C. J., delivered the opinion of the court.

The plaintiff in error was convicted of involuntary manslaughter, and has appealed in error to this court.

No error is seriously insisted on except the improper admissions of the dying declarations of the deceased, at least it may be stated that we see nothing in the record, which can be plausibly insisted by prisoner is erroneous to his prejudice, aside from the admission of these declarations. They are proved by the testimony of one witness. The deceased had been stabbed in three places by the prisoner, whom he attempted to arrest for a felonious assault upon his brother, when the prisoner stabbed him, and he lived seventeen days after the wounds were inflicted. He

was carried to a spring near the place where he received his wounds, and the witness stated that he was covered all over with blood, and we all thought he was going to die.  His daughter asked him if he was willing to die?  He said yes!  She asked him if he was going to rest?  He said yes!

Upon these answers the court admitted his declarations as to how the conflict occurred, the prisoner objecting thereto.

The question is, do these answers to the questions of his daughter, and his then condition indicate that the declarations were made under a sense of impending death? for it is said "the danger of impending death is equivalent to the sanction of an oath": 1 Greenl. Ev., sec. 157.

And it is the impression of almost immediate dissolution, and not the rapid succession of death in point of fact, that renders the testimony admissible. But a belief by deceased that he will not recover is not in itself sufficient, unless there be also the prospect of almost immediate dissolution: Id., sec. 158; 2 Rus. on C., .753.

Our own cases, as well as text writers and reports of other States, seem to concur in holding that such declarations are admissible when made under a sense of impending dissolution: See former citations; 1 Whart. Am. C. L., sec. 671; 9 Hum., 15; Id., 25; 1 Sneed, 218.

But in the application of these rules, the decisions seem to be somewhat in conflict.  It is, however, undoubtedly the true rule, the consciousness of im-

pending dissolution, being regarded as equivalent to the sanction of an oath, and thus entitling the declaration to the same credit as if made upon oath.

At the last term of this court, upon appeal of defendant, this cause was here, and reversed upon the ground that the declarations of deceased were improperly admitted. The conviction then was of murder in the second decree and ten years in the penitentiary. The witness who testified on the former trial to the declarations stated that she thought deceased was going to die; that a short time after he was stabbed, in answer to his daughter he said "he was prepared to die and go to rest." It was held that this declaration did not show that he then thought he was about to die, and for this reason the judgment was reversed. Upon the last trial the witness testified: "In ten or fifteen minutes after deceased was stabbed," she went to him, "he was covered all over with blood, we all thought he was going to die." His daughter asked him "if he was willing to die?" He said yes! "She asked him if he was going to rest? He said yes! We all thought he was going to die, but he didn't say he thought so."

The objection now is, that these declarations were improperly admitted, it not sufficiently appearing that deceased then felt that he was *in extremis*, and the fact being that he lived seventeen days after the wounds were inflicted. His physician had hopes of his recovery until erysipelas supervened. The declarations proved on the last trial are stronger than those proved upon the first. Their fair import is that de-

ceased thought he was about to die.    His surroundings and condition impressed those around him that he was about to die.    The exception that he was prepared to die and was *going to rest,* is equivalent to a declaration that he was about to die.

In Greenleaf on Evidence, vol. 1, sec. 158, it is said: "It is essential to the admissibility of these declarations, and is a preliminary fact to be proved by the party offering them in evidence, that they were *made under a sense of impending death;* but it is not necessary that they should be stated at the time to be so made.    It is enough if it satisfactorily appears in any mode, that they were made under that sanction, whether it be directly proved by the express language of the declarant, or be inferred from his evident danger, or the opinions of the medical or other attendants, stated to him, or from his conduct or other circumstances of the case, all of which are resorted to in order to ascertain the state of the declarant's mind.    The length of time which elapsed between the declaration and the death of declarant furnishes no rule for the admission or rejection of the evidence."

The declarant did in fact die of the wounds received, those around believed they were mortal, and his declaration that he was "going to rest," is but another form of expressing the belief that he was "going to die."

From these facts we think the declarant's declarations were admissible.    There is no ground upon which the plea of self-defense can rest, either in the case

of stabbing Tom Duggan or the deceased. The prisoner had made repeated threats against both. He had been forbidden by Tom Duggan to come upon his place. He was evidently prepared to stab Tom, and did so without adequate provocation, and when William, the deceased, his brother, heard that Tom had probably been killed and sought to arrest the prisoner, he stabbed him mortally. His punishment is light when we consider the circumstances.

Let the judgment be affirmed.